ALD-171                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1995
_____

HAROLD JEAN-BAPTISTE,
Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE; MERRICK B. GARLAND, Attorney
General of the United States; FEDERAL BUREAU OF INVESTIGATION;
CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigations; CIVIL
PROCESS CLERK FOR THE U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF
NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:24-cv-08583)
District Judge:  Honorable Evelyn Padin
_____

Submitted on Appellees' Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 26, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed August 7, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Harold Jean-Baptiste, proceeding pro se, appeals an order granting the defendants' motion to dismiss his complaint. Because this appeal does not present a substantial question, we will grant the appellees' motion to summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In his complaint, Jean-Baptiste alleged that the Department of Justice and the FBI conspired with his family to kidnap and kill him in retaliation for his submission of lawsuits against the government. He also asserted that the defendants issued "National Security Letters" to "slander, harass, discriminate, and destroy[]" his character. Jean-Baptiste further claimed that the FBI monitored his cell phone to track his location. As bases for relief, Jean-Baptiste cited common law, a criminal statute (18 U.S.C. § 242), as well as various civil rights laws (42 U.S.C. §§ 1981, 1983, 1985(3), and 1986).

The defendants filed a motion to dismiss, arguing that the District Court lacked jurisdiction over Jean-Baptiste's claims, see Fed. R. Civ. P. 12(b)(1), and that he failed to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6). Over Jean-Baptiste's objections, the District Court granted that motion, holding that it lacked subject matter jurisdiction over his "patently insubstantial" claims.[1] Jean-Baptiste timely

---

[1] The District Court also properly denied as moot Jean-Baptiste's outstanding motions, including a motion for a preliminary injunction. Coronavirus Rep. v. Apple, Inc., 85 F.4th 948, 958 (9th Cir. 2023) ("Because the district court properly dismissed with prejudice all of the claims against Apple, it correctly denied the remaining pending motions as moot."). Earlier in the proceedings, the District Court had denied Jean-Baptiste's motions for sanctions and summary judgment, terminated his motions relating to discovery pending resolution of the defendants' motion to dismiss, and held in abeyance his motions to amend the complaint. To the extent that Jean-Baptiste seek to challenge those rulings on appeal, we conclude that the District Court properly disposed of his motions.

appealed. The appellees have filed a timely motion for summary affirmance. Jean-Baptiste has filed motions seeking various forms of relief.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over a District Court's decision to grant a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529-30 (3d Cir. 2012). We may summarily affirm on any basis supported by the record if the appeal does not present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

To survive dismissal, "a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see generally Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (stating that a complaint's factual allegations are "clearly baseless" if they are "fanciful, fantastic, [or] delusional" (citations omitted)). Pleadings of pro se litigants like Jean-Baptiste are construed liberally, but "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Jean-Baptiste vaguely alleged that there is a conspiracy to harm him, implicating the FBI, his uncle, and a "white supremacy group of psychopaths." As evidence of the plot, Jean-Baptiste pointed to events on July 6, 2024, when he traveled

3

from Irvington, New Jersey, with his uncle to the airport to pick up Max Saurel Amazan. Jean-Baptiste asserted that his uncle, who was "nervous and very uncomfortable," "pulled into [a] driveway" to drop off Amazan. According to Jean-Baptiste, this was a "clear red flag" because his uncle "never ever dropped anyone in a long driveway on the side of their home even in the snow or rain, he's not that considerate of a person to do that." Jean-Baptiste also found "alarming" the fact that Amazan "said he came from Indiana to see his son for a week [but] had no luggage at the airport." As further support for the alleged conspiracy, Jean-Baptiste noted that, after the events of July 6, his uncle and Amazan "are still very uncomfortable around [him] … and can't look at [him] in the eye directly at all."

The complaint's allegations fail to state a plausible claim upon which relief could be granted. Jean-Baptiste's allegations of a conspiracy are pure speculation, based entirely on innocuous behavior by his uncle and Amazan. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (explaining that conspiracy claims may not be based "merely upon . . . suspicion and speculation" and stating that general allegations of conspiracy not based on facts are conclusions of law that are insufficient to state a claim). Furthermore, although Jean-Baptiste alleged that he was slandered by "National Security Letters," he failed to describe the allegedly false information in those letters or indicate that they were communicated to a third party. See Singer v. Beach Trading Co., 876 A.2d 885, 894 (N.J. Super. Ct. App. Div. 2005) (listing elements of defamation claim). And Jean-Baptiste's assertion that the FBI improperly monitored his cell phone does not satisfy the plausibility test. See Iqbal, 556 U.S. at 679 (noting that the plausibility

determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). Finally, we discern no abuse of discretion in the District Court's conclusion that providing Jean-Baptiste with leave to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

Based on the foregoing, we agree with the appellees that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Accordingly, we grant their motion for summary affirmance and will summarily affirm the District Court's judgment.[2]

---

[2] Jean-Baptiste's pending motions are denied.